**CICERO A. RAMSEY, Inc., v. FRANZ.**

**No. 17307.**

Court of Appeal of Louisiana. Orleans.

March 25, 1940.

Prowell & McBride, of New Orleans, for appellant.

Alwyn J. Justrabo, of New Orleans, for appellee.

WESTERFIELD, Judge.

Cicero A. Ramsey, Inc., brought this suit against Alphonse Franz for $300, which is

alleged to be due as an appraisal fee. The plaintiff's petition alleges that the Federal Housing Authority had instituted two expropriation suits against defendant, Alphonse Franz, involving certain property belonging to Franz and consisting of three parcels, all located on Washington Avenue in the City of New Orleans; that Cicero A. Ramsey, the President of the plaintiff corporation, was employed by Kossuth V. Richard who, at that time, represented defendant as attorney-at-law, to appraise this property and that he made the appraisement fixing the value of the property at $21,900; that according to the rates fixed by the Real Estate Board of New Orleans, Inc., of which petitioner is a member, it would be entitled to a fee of $319, of which amount it remitted $19, reducing its claim to $300 in order to confer jurisdiction upon the First City Court.

Defendant filed an exception of vagueness in connection with his answer which was, in effect, a general denial, together with specific denial that Kossuth Richard had been authorized by him to employ Cicero Ramsey to appraise the property.

When the case was called for trial the exception of vagueness was waived and, following a trial, there was judgment in favor of plaintiff as prayed for and defendant has appealed to this court.

We have no difficulty in concluding that Ramsey was employed by Kossuth Richard, the attorney for defendant, to make the appraisement of defendant's property, and that this was done with the authority and approval of defendant. We also find that the agreement between Richard and Ramsey as to Ramsey's compensation for his services was based upon the tariff of the Real Estate Board of New Orleans, Inc., that is to say, he was to receive such an amount as was authorized by the Real Estate Board for such service. In argument in this court the fact that an appraisement was made by Ramsey at the instance of Richard, with the authority of Franz, was but feebly contested and, as we have said, has been established by the record.

Two points, however, were raised by the defendant which are not so easily disposed of. The first contention is that there is no testimony in the record as to the amount at which Ramsey valued defendant's property, and, therefore, nothing on which a fee may be based since the charges of the Real Estate Board are all fixed upon the value of the property appraised. The second contention is made in the alternative, and is to the effect that plaintiff is not entitled to $319 under paragraph B of Section VI of the Rules and Regulations of the Real Estate Board, but to $43.80 under paragraph A of that section. The section referred to reads as follows:

"VI. Appraisement Fees
"Minimum Fee—
"(By Member, $10.00.
"(Country property, $25.00
"(By Board, $25.00

"On the first $100,000, $2.00 per M; on the excess, up to and including $500,000, $1.50 per M; on the excess over $500,000, $1.00 per M.

"(a) On all appraisements, the appraiser may charge, in addition to the fee, the expenses incidental to making the appraisement. The above rates shall not apply to appraisements made for the account of Homesteads, Banks and Insurance Companies.

"(b) Expert Testimony Given in Court Regarding Appraisements. On all appraisements, the first $10,000, 2%; on all excess over $10,000, 1%. In addition to the regular appraisement fees as above, compensation shall be charged as expert, for court appearance, by arrangement."

On the first point we are compelled to agree with defendant and find that there is no proof in the record as to the amount at which Ramsey valued defendant's property and, therefore, no basis for the calculation of plaintiff's fee under either paragraph of the tariff of the Real Estate Board. We say compelled, because we are reluctant to prolong this litigation on account of the want of evidence on a point which we feel certain is uncontroverted, nevertheless, we cannot do otherwise. Under the circumstances we believe that the interests of justice would be best served by remanding the case in order that this proof may be administered.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed. The costs of this appeal to be paid by appellee; other costs to await the final disposal of the case.

Reversed and remanded.